IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARBARA HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-456-GPM |
| | ) |
| **STEPPIG MANAGEMENT, LLC, d/b/a Save-A-Lot,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the notice of removal and complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints and notices of removal to ensure that jurisdiction has been properly pleaded.

Defendant removed this action, in which Plaintiff asserts a personal injury claim after tripping and falling in Defendant's facility, claiming that jurisdiction is proper under 28 U.S.C. § 1332. Defendant, which is a limited liability company, properly alleges that its sole member is

a citizen of Missouri and that Plaintiff is a citizen of Illinois. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (limited liability companies are citizens of every state of which any member is a citizen). Its allegations regarding the amount in controversy, however, are problematic. Defendant states, initially: "Upon information and belief, Plaintiff's claimed damages exceed $75,000.00 exclusive of interest and costs." (Doc. 2, Ex. 1 at ¶ 2). As a preliminary issue, allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074. Defendant's removal papers further state: "Plaintiff's Complaint seeks recovery of an amount in excess of $75,000, and therefore there is a reasonable probability that the matter in controversy herein exceeds the sum of $75,000 exclusive of interest and costs." (Doc. 2, Ex. 1 at ¶ 7c). This statement is misleading in several respects. First, Plaintiff's complaint states simply: "That … the Plaintiff was injured; that she has in the past and will in the future suffer pain of body and mind, incur medical bills in an attempt to be cured of the aforesaid, and lose sums of money that she would otherwise be able to make as an able-bodied person, all to her detriment in a sum in excess of $50,000." (Doc. 2, Ex. 2 at ¶ 7). Contrary to what the removal papers suggest, Plaintiff has not sought in excess of $75,000. In fact, nothing in the papers even suggests what injuries Plaintiff is claiming. As the proponent of jurisdiction, Defendant must establish the requirements for subject matter jurisdiction. S*ee Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006). Next, the standard recited by Defendant is outdated. As stated by the Court of Appeals in *Sadowski*: "'Reasonable probability that jurisdiction exists', a phrase with no provenance and no following outside this circuit, is banished from our lexicon." *Id*. at 543. The Court of Appeals fully explained the burden placed on a removing party:

> [T]he removing defendant, as proponent of federal jurisdiction, must establish what

> the plaintiff stands to recover. We have suggested several ways in which this may be done – by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations (as in *Brill [v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)]); by reference to the plaintiff's informal estimates or settlement demands (as in *Rising-Moore [v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006); or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands (*see Rubel v. Pfizer Inc.*, 361 F.3d 1016 (7th Cir. 2004)). The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant). *See In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 610 (7th Cir. 1997). Once the estimate has been made – and contested factual allegations that support the estimate have been established in a hearing under [Federal Rule of Civil Procedure] 12(b)(1) by admissible evidence (that's what "competent" proof means) – then the *St. Paul Mercury* standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.

*Sadowski*, 441 F.3d at 541-42. In this case, Defendant has failed to satisfy its initial burden – there is nothing in the record to suggest what Plaintiff stands to recover. Consequently, there is no basis for its conclusion that the amount in controversy exceeds $75,000, exclusive of interest and costs.

This is not a procedural defect; Defendant simply has failed to demonstrate the existence of federal subject matter jurisdiction. Accordingly, this action is **REMANDED** *sua sponte* to the Third Judicial Circuit Court, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction. *See, e.g., Belleville Catering*, 350 F.3d at 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 06/25/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge