**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BARBARA HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-456-GPM |
| | ) |
| **STEPPIG MANAGEMENT, LLC, d/b/a Save-A-Lot,** | ) |
| | ) |
| **Defendant.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On June 25, 2009, the Court *sua sponte* remanded this action to state court for lack of subject matter jurisdiction (Doc. 9). At 8:50 a.m. on June 26th, the Clerk of Court faxed to the state court a letter notifying it of the remand Order, with a copy of the Order (*see* Doc. 10). Later that day at 2:11 p.m, Defendant filed a motion to reconsider the remand Order with a supporting memorandum (Docs. 11, 12). Basically, Defendant argues that the requirements of the diversity of citizenship statute are satisfied because Plaintiff has acquired over $54,000 in medical bills and has made a $170,000 settlement demand.

The amount of medical bills and settlement demand apparently were known at the time Defendant filed its removal papers, but no mention of them was made in the notice of removal. In fact, Defendant included *nothing* to support its assertion that the amount in controversy exceeded $75,000, exclusive of interest and costs; therefore, this Court found that Defendant failed to meet its burden – as the proponent of jurisdiction – to establish the requirements for subject matter

jurisdiction. The Court is unable to reconsider that finding. First, under 28 U.S.C. § 1447(d), a district court is precluded from reconsidering an order remanding a removed case to state court on grounds enumerated in subsection (c) of the statute, including lack of subject matter jurisdiction. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005), *citing FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam).[1] Second, there is a general rule that once a district court mails a certified copy of its remand order to the clerk of the state court from which the case was removed, the district court loses jurisdiction over the case. *See Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 WL 2219102, at *2 (S.D. Ill. July 27, 2007) (collecting cases). The fact that the District Court Clerk faxed notice, rather than mailed a certified copy, does not affect the basic rationale for the rule that the federal court loses jurisdiction once the state court has notice of the remand.

For these reasons, Defendant's motion to reconsider (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 07/06/09

                                                 s/ *G. Patrick Murphy*
                                                 G. PATRICK MURPHY
                                                 United States District Judge

---

[1] Although 28 U.S.C. § 1447(d) precludes reconsideration of such remand orders, it does not bar successive removals of a case where significant intervening legal or factual changes occur between the removal attempts. *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005), *citing Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (noting that sanctions may result from multiple removals where "nothing of significance changes between the first and second tries"); *see also Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 704 (S.D. Ill. 2007); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1105-06 (S.D. Ill. 2007); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842 (S.D. Ill. 2006).